UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

Melissa Covell, :
414 N. Monroe Street :
Titusville, Pennsylvania 16354 :
        Plaintiff, :
         :
        v. : Civil Action No.: 1:22-CV-290
         :
United Services Automobile Association, :
9800 Fredericksburg Road :
San Antonio, Texas 78288 :
        Defendant. :
         :

# COMPLAINT

## PARTIES

1.    Plaintiff, Melissa Covell, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.    Upon information and belief, Defendant, United Services Automobile Association, is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint.

3.    Defendant, United Services Automobile Association, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Pennsylvania and the Defendant, upon

information and belief is a corporate entity with its principal place of business in the State of Texas and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about October 12, 2016, Plaintiff was the operator of a motor vehicle, traveling at Route 77, Blooming Valley Road at or near the intersections with Leslie Road, Meadville, Pennsylvania.

7. At or about the same date and time, tortfeasor, Kenan Glover, was the operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or location of plaintiff's vehicle.

8. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his vehicle in such a manner so as to enter Plaintiff's lane and strike her vehicle head on.

10. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

11. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries to her neck, upper back, lower back and right knee as set forth more fully below.

12. Following the motor vehicle accident, the plaintiff, Melissa Covell, made claim against the tortfeasor seeking recovery of damages in tort.

13. The tortfeasor was insured through Safe Auto Insurance ("Safe Auto") with limits of $15,000 per person.

14. A lawsuit was initiated by Plaintiff against the tortfeasor in Erie County on October 30, 2017.

15. Safe Auto tendered its $15,000 policy on February 4, 2020.

16. Plaintiff, Melissa Covell, made timely claim upon the defendant, United Services Automobile Association, seeking recovery of underinsured motorist benefits under the policy of insurance in question, Policy Number 02232 26 33U 7103 2 issued to Melissa Covell, a copy of which is attached as Exhibit "A."

17. Plaintiff, Melissa Covell, filed this lawsuit against United Services Automobile Association asserting her claim for Underinsured Motorists Coverage on April 14, 2021.

18. Defendant, United Services Automobile Association, assigned G. Michael Garcia to defend the case and he filed an Answer and New Matter on August 10, 2021.

19. Plaintiff, Melissa Covell, submitted information and documentation to the defendant, United Services Automobile Association, and discovery was conducted as follows:

20. An email (a copy of which is attached as Exhibit "B") and attachment dated September 16, 2021 which included the following Initial Disclosures:

   a. Signed Authorizations to disclose health information for Meadville Medical Center – 751 Liberty Street, Meadville, PA 16335;

   b. Signed Authorizations to disclose health information for Titusville Area Hospital – 406 W Oak Street, Titusville, PA 16354;

    c. Signed Authorizations to disclose health information for Brian Los, M.D. – 339 West Spring Street, Suite 102, Titusville, PA 16354;

    d. Signed Authorizations to disclose health information for Orthopedics and Sports Medicine Associates – 44 Circle Street, Franklin, PA 16323;

    e. Signed Authorizations to disclose health information for Orthopedic Associates of Meadville – 11277 Vernon Place, Suite 200, Meadville, PA 16335;

    f. Signed Authorizations to disclose health information for Samantha Wilfong, D.C. – 282 Main Street, Greenville, PA 16125;

    g. Signed Authorizations to disclose health information for DNA Advanced Pain Treatment Center – 1907 Lebanon Church Road, West Mifflin, PA 15122;

21. Prior to a suit even being filed Plaintiff, Melissa Covell, submitted information and documentation to the defendant, United Services Automobile Association, for coverage of her medical treatment through her personal injury protection, which included the following disclosures:

    a. Medical Records and billing from Meadville Ambulance – 872 Water Street, Meadville, PA 16335;

    b. Medical records and billing from Meadville Medical Center – 751 Liberty Street, Meadville, PA 16335;

    c. Medical records and billing from Brian Los, M.D. – 339 West Spring Street, Suite 102, Titusville, PA 16354;

  d. Medical records and billing documentation from Titusville Area Hospital – 406 W Oak Street, Titusville, PA 16354;

  e. Medical records and billing documentation from Samantha Wilfong, D.C. – 282 Main Street, Greenville, PA 16125;

  f. Medical Records and billing documentation from Theresa Wheeling, M.D. – 11277 Vernon Place, Suite 200, Meadville, PA 16335;

  g. Medical records and billing documentation from Meadville Medical Center – PCS Physical Therapy – 1034 Grove Street, Meadville, PA 16335;

22. Defendant, United Services Automobile Association, conducted their own peer review and sent the results to Plaintiff's Counsel on January 18, 2018 showing they've had Plaintiff's continuing medical treatment records since October 2016. A copy of Defendant's Peer Review Report is attached as Exhibit "C."

23. A letter dated November 23, 2020 sent to the insurance adjuster assigned to the case, demanded the policy limits of $75,000. A copy of Plaintiff's Demand Letter to Defendant's Insurance Adjuster is attached as Exhibit "D."

24. G. Michael Garcia, Esquire, offered $25,000 on February 16, 2022.

25. It wasn't until April 12, 2022 that Defendant was evaluating Plaintiff's case at the correct amount of coverage at $75,000. A copy of the email exchange is attached as Exhibit "E."

26. An e-mail dated May 12, 2022 which, again, demanded the policy limits. A copy of the letter is attached as Exhibit "F."

27. In that email exchange, Plaintiff sent a Notice for Completion of Discovery, which was filed with the Court.

28. G. Michael Garcia, Esquire, then offered $35,000 on June 7, 2022.

29. Plaintiff, again, demanded the tender of the $75,000 policy limits and sent a Letter of Bad Faith to Defense Attorney G. Michael Garcia on June 21, 2022. A copy of the letter is attached as Exhibit "G."

30. Defendant, United Services Automobile Association responded to the Bad Faith Letter on June 24, 2022 with the continued offer of $35,000 stating they needed more records regardless of having Plaintiff's treatment since 2016. A copy of letter is attached as Exhibit "F."

31. Defendant further had the Court strike Plaintiff's Notice for Completion of Discovery further extending the case.

32. The discovery conducted prior to and during the underinsured motorist litigation demonstrated that the underinsured motorist claims of plaintiff, Melissa Covell, had a value in excess of the limit of underinsured motorist coverage under the policy.

33. During the course of the litigation, plaintiff, Melissa Covell, repeatedly requested a tender of the $75,000 policy limits.

34. Defendant, United Services Automobile Association, nonetheless made no offers in settlement of the underinsured motorist claims of plaintiff, Melissa Covell, until February 16, 2022 and has not made a new offer or tendered the $75,000 policy limits since June 24, 2022.

35. Plaintiff, Melissa Covell, was forced to incur fees, costs and expenses in pursuing the underinsured motorist claims since defendant, United Services Automobile Association, failed to pay the $75,000 limit of underinsured motorist coverage under the policy.

**COUNT I**
**Melissa Covell v. United Services Automobile Association**
**(Violation of 42 Pa.C.S.A. § 8371)**

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

37. The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney's fees against the insurer.

42 Pa.C.S.A. § 8371.

38. The underinsured motorist claims of the plaintiff, Melissa Covell, are an action under an insurance policy.

39. The defendant, United Services Automobile Association, acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in failing to make payment of a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Melissa Covell, by, *inter alia*:

(a) engaging in unfair or deceptive acts or practices;

(b) failing to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Melissa Covell;

(c) failing to make an offer of underinsured motorist benefits to the plaintiff, Melissa Covell;

(d) failing to make payment of the $75,000 UIM limit of coverage to the plaintiff, Melissa Covell;

(e) failing to continue to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Melissa Covell, as additional information is developed regarding her injuries;

(f) failing to offer a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Melissa Covell, to fully and fairly compensate her for her loss;

(g) failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Melissa Covell;

(h) failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Melissa Covell;

(i) forcing the plaintiff, Melissa Covell, to proceed to litigate her claims to recover underinsured motorist benefits;

(j) failing to comply with the terms and provisions of the Insuring Agreement;

(k) breaching the implied covenant of good faith and fair dealing;

(l) accepting premiums for underinsured motorist coverage while, at the same time, refusing to pay a reasonable and fair amount of underinsured motorist benefits to the plaintiff, Melissa Covell, in violation of Pennsylvania law;

(m) violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(n) acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the plaintiff, Melissa Covell;

(o) forcing the plaintiff, Melissa Covell, to incur fees, costs and expenses in pursuing litigation in order to recover underinsured motorist benefits;

(p) wantonly and willfully disregarding the rights of the plaintiff, Melissa Covell;

(q) recklessly disregarding the right of the plaintiff, Melissa Covell, to recover the $75,000 limit of underinsured motorist benefits;

(r) elevating its own interests above those of the plaintiff, Melissa Covell;

(s) breaching the duty of good faith and fair dealing;

(t) breaching the fiduciary duties owed to the plaintiff, Melissa Covell;

  (u) violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

  (v) violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims;

  (w) such other acts or omissions as may be developed during discovery.

40. Further, it is believed and averred that defendant, United Services Automobile Association, breached the expressed and implied terms, provisions, promises and covenants of the policy of insurance by, *inter alia*:

  a. Evaluating plaintiff's claims based on the fact that she is represented by Simon & Simon, PC instead of on the merits of her individual case;

  b. Failing to promptly investigate, process and satisfy plaintiff's claims, in whole or in part, due to a pattern and practice of handling the claims of individuals represented by Simon & Simon, P.C. in a manner inconsistent with the duties of good faith and fair dealing;

  c. Failing to reevaluate the value of plaintiff's claim after being furnished with additional documents and information, and in the absence of any contrary medical evidence; and

  d. Failing to make payment under the contract for frivolous or unfounded reasons.

41. The defendant, United Services Automobile Association, is liable for payment of interest, attorney fees, court costs and punitive damages to the plaintiff, Melissa Covell, for the bad faith conduct in handling and adjusting her underinsured motorist claim.

42. The defendant, United Services Automobile Association, is liable for payment of all actual damages and consequential damages to the plaintiff, Melissa Covell, for the wanton,

willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle the underinsured motorist claims of the plaintiff, L Melissa Covell.

43. The defendant, United Services Automobile Association, wantonly and willfully ignored the rights of the plaintiff, Melissa Covell, under the policy of insurance in question.

44. The defendant, United Services Automobile Association, recklessly disregarded the rights of the plaintiff, Melissa Covell, with knowledge of its wanton and willful actions.

45. The plaintiff, is entitled to recover counsel fees and costs from the defendant, incurred in the underinsured motorist litigation.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and attorney cost and fees.

SIMON & SIMON, P.C.

BY: *Ryan Flaherty Esq.*
Ryan Flaherty, Esquire
Simon & Simon, P.C.